475 P.2d 949

Fred ESPINOSA, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

R. T. Jenkins Lumber Company,
Respondent Employer,

State Compensation Fund, Respond-
ent Carrier.

I CA–IC 347.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 2, 1970.

———◆———

Gorey & Ely, by Stephen S. Gorey and
Sherman R. Bendalin, Phoenix, for peti-
tioner.

Donald L. Cross, Phoenix, Chief Counsel,
The Industrial Commission of Ariz., for
respondent.

Robert K. Park, Chief Counsel, State
Compensation Fund, by R. Kent Klein,
Phoenix, for respondent carrier.

STEVENS, Judge.

The attending physician expressed his
opinion in his initial report as follows:

"I am not wholly convinced this is in-
dustrial related but because I am family
physician will allow the commission to
decide."

He testified at the formal hearing as fol-
lows:

"A. Well, my opinion was this—and I
admit that I hedge. Being the family
physician, I am somewhat in a quandary.

"I wasn't wholly convinced that this was
the cause and effect, the emery dust, al-
though I couldn't say with absolute sure-
ty that this didn't contribute."

This evidence, without more, was suffi-
cient to permit the Commission to decide
either for or against the petitioner and it
chose to decide against compensability.*

Mr. Gorey, the petitioner's attorney be-
fore the Commission did not attend the
hearing held in Winslow. He did talk to
the doctor the day before the hearing. The
attending physician further testified:

"THE WITNESS: Yes, and told him
the same thing I told you, and that be-
cause of the situation as it is, he had
mentioned that he was going to request
that the Commission ask a more expert
witness to evaluate him, and I told him
that this would be my—I would concur
with this."

It is urged that the Fund had the obliga-
tion to carry through the suggestion of the
attending physician and to secure expert
testimony. The record reflects that coun-
sel for the petitioner undertook this respon-
sibility and that the expert testimony was
not presented. There was time allowed
within which to secure testimony even after
the formal hearing. We expressly refrain
from expressing an opinion as to the obli-
gation of the Fund or the obligation of a
private carrier to fully pursue the factual

* The matter is decided under the law as it existed prior to 1 January 1969.

and medical questions when need for that pursuit has been suggested by the record.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.